Sid Leach (#019519)
Wendy S. Neal (#019921)
Monica A. Limón-Wynn (#019174)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Telephone: (602) 382-6372
Facsimile:  (602) 382-6070
Email: sleach@swlaw.com
Email:  wneal@swlaw.com
Email:  mlimon-wynn@swlaw.com
Attorneys for Defendant Radyne Corporation

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Comtech EF Data Corporation,<br><br>    *Plaintiff*,<br><br>vs.<br><br>Radyne Corporation,<br><br>    *Defendant*. | No. CV-06-1132-PHX-MHM<br><br>**RADYNE'S OPPOSITION TO COMTECH'S MOTION TO STRIKE RADYNE'S REPLY MEMORANDUM** |

Comtech's motion to strike Radyne's reply memorandum (Doc. #87) should be denied.  There was no prohibition against Radyne following the normal motion practice provided under the Local Rules of this Court and filing a reply memorandum on a pending motion.  This Court never ordered that reply briefs could not be filed.  If the Court intended to preclude reply briefs on a motion, the Court should have entered an express order in advance clearly stating that no reply may be filed, rather than to strike a reply brief after the fact.

The "Rules of Practice in Civil Cases" adopted by Judge Murguia, and available on the Court's website, provides in paragraph 4 that the parties are to "comply with all rules local and otherwise."  Under Local Rule 7.2(d), parties have the right to file a reply memorandum unless the Court specifically precludes them from doing so: "The moving party, unless otherwise ordered by the Court, shall have five (5) days after service of the

responsive memorandum to file a reply memorandum if that party so desires." L.R.Civ. 7.2(d).

This Court never entered an order that prohibited the parties from filing a reply memorandum, and never entered an order stating that Local Rule 7.2(d) did not apply. Indeed, the Court's "Rules of Practice in Civil Cases" expressly states the contrary -- the local rules are to be followed. If the Court intended otherwise, the Court should have expressly so ordered.

Comtech asserts that it interpreted this Court's Order, dated October 12, 2006 (Doc. #27), as prohibiting reply briefs. Radyne does not find any prohibition in this Court's Order against reply briefs. Instead, this Court's Order states that the parties written objections "must be submitted in accordance with Rule 53(g) of the Federal Rules of Civil Procedure." Doc. #27, at 2. Rule 53(g)(2) expressly provides that a party may make a motion. Radyne's motion to modify the Special Master's report is expressly provided for and was in accordance with Rule 53(g)(2) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 53(g)(2) ("A party may file objections to -- or *a motion to* adopt or *modify* -- the master's order, report, or recommendations no later than 20 days from the time the master's order, report, or recommendations are served, unless the court sets a different time.") (emphasis added). Comtech's mistaken interpretation of this Court's Order is undermined by the fact that the Court's Order only expressly refers to "written objections," and makes no provisions changing the governing local rules if a motion to modify was filed in accordance with Rule 53(g) of the Federal Rules of Civil Procedure.

If Comtech was confused about the provisions of this Court's Order, Comtech should have sought clarification, or at least raised the question with Radyne's counsel. Instead, Comtech did nothing, and now seeks to penalize Radyne, because (1) Radyne followed the procedure set forth in Rule 53(g) of the Federal Rules of Civil Procedure, and (2) Radyne followed the procedure under the local rules for motions filed in civil cases.

In short, Radyne's reply brief complied with the rules and all procedural requirements, and addressed relevant issues concerning the report of the Special Master and patent claim construction. It should not be stricken. *Cf. Yazdchi v. American Honda Finance Corp.*, 217 Fed. Appx. 299, 300 n.1 (5th Cir. 2007) (per curiam) (unpublished) ("Plaintiffs' motion to strike defendants' briefs is denied. The briefs complied with all procedural requirements and addressed the relevant issues in this appeal."); *Skretvedt v. E.I. DuPont de Nemours*, 98 Fed. Appx. 99, 101-02 (3rd Cir. 2004) (unpublished) (district court did not abuse its discretion when it denied motion to strike a brief).

There is no substantial policy reason, under these circumstances, that would support this Court's excluding from consideration ***any*** materials that might be helpful to the Court in reaching the correct result in this case. The question before the Court is a question of law -- what is the proper claim construction for the asserted claims of Plaintiff's patent? The Court of Appeals for the Federal Circuit will not give any deference to this Court's patent claim construction. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (*en banc*). On any appeal taken from this Court's judgment, the points and authorities discussed in Radyne's reply memorandum will be fair game for consideration by the Federal Circuit, which will make its own *de novo* patent claim construction determination. *Id*. If the arguments set forth in the reply brief have merit, they should be considered now. It would be wasteful of this Court's time and the parties' resources to turn a blind eye to meritorious points and authorities here, only to have an erroneous patent claim construction ruling reversed on appeal on grounds that could have been avoided if the reply memorandum had not been excluded from consideration.

Comtech should strive to help the Court reach ***correct*** conclusions on the legal question of patent claim construction, instead of engaging in procedural maneuvering and motions to strike seeking to exclude from consideration relevant information having a bearing on what the correct claim construction should be. This is the third motion to strike that Comtech has filed in connection with the issue of claim construction. The

procedural maneuvering by Comtech is calculated to cause this Court to make errors in its claim construction ruling that will not withstand appeal. The Court should reject such attempts to distort the record and to exclude relevant information from consideration. Patent claim construction is difficult enough, without creating unnecessary obstacles to this Court's search for the correct result.

Defendant Radyne Corporation respectfully submits that Plaintiff's motion to strike Radyne's reply memorandum should be denied.

DATED this 15th day of July, 2007.

SNELL & WILMER L.L.P.


By   s/ Sid Leach
     Sid Leach (#019519)
     Wendy S. Neal (#019921)
     Monica A. Limón-Wynn (#019174)
     One Arizona Center
     Phoenix, AZ 85004-2202
     Attorneys for Radyne Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2007, I electronically transmitted **RADYNE'S OPPOSITION TO COMTECH'S MOTION TO STRIKE RADYNE'S REPLY MEMORANDUM** to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Rick N. Bryson
Michelle G. Breit
Sanders & Parks
3030 North Third Street
Suite 1300
Phoenix, Arizona 85012-3099
email: rick.bryson@sandersparks.com
email: michelle.breit@sandersparks.com

Attorneys for Plaintiff Comtech EF Data Corporation

James Robert Farmer
Van Cott Bagley Cornwell & McCarthy
50 S. Main Street, Suite 1600
Salt Lake City, Utah 84144
email: jfarmer@vancott.com

Attorneys for Plaintiff Comtech EF Data Corporation


And copy of the foregoing emailed to:

Robert L. Harmon
435 Palm Drive
Islamorade, FL  33036
email: PTOExpert@aol.com

Special Master


By  /s/ Sid Leach

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000